THOMPSON v. PACK et al.

(District Court, S. D. California, S. D.    December 10, 1914.)

No. B 46.

1. INJUNCTION ⊛⟶140 — APPLICATION FOR TEMPORARY INJUNCTION — AFFIDAVITS.

An application for a temporary injunction must be based upon positive allegations, and allegations upon information and belief should not be considered.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 312; Dec. Dig. ⊛⟶140.]

2. MINES AND MINERALS ⊛⟶23—FORFEITURE—DEFAULT IN ASSESSMENT WORK.

Under Rev. St. § 2324 (Comp. St. 1913, § 4620), requiring $100 worth of labor to be performed or improvements made on mining claims each year, and providing that, upon the failure of one of several co-owners to contribute his proportion of the required expenditures, the co-owners who have performed the labor or made the improvements may give notice to the delinquent co-owner, and if he fails to contribute his proportion of the expenditure his interest shall become the property of his co-owners, a bill alleging that plaintiff, defendant P., and certain other parties located certain mining claims, that plaintiff was the owner of an undivided one-eighth interest therein, that defendants served upon plaintiff a notice of forfeiture, requiring payment of $700, in default of which plaintiff's interest would be forfeited to defendant H., that P. did not expend $5,600, of which the sum demanded was the one-eighth part, for the benefit of such claims, that at least $2,836 thereof was contributed by plaintiff and his colocators, that whatever interest H. had was held for the use and benefit of certain corporations, and that such corporations had forcibly prevented plaintiff and his colocators from completing the assessment work, and forcibly ejected and driven them from the claims, made a prima facie showing that defendants had no right to claim or exact forfeiture.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 51–59, 114; Dec. Dig. ⊛⟶23.]

3. MINES AND MINERALS ⊛⟶38—ASSESSMENT WORK—TEMPORARY INJUNCTION —RESTRAINING RECORDING OF "CLOUD ON TITLE."

Under Rev. St. § 2324, relative to the forfeiture of the interest of one of several co-owners in mining claims for failure to contribute his share of the required expenditures for improvements, and Civ. Code Cal. § 1426o, providing that the notice of forfeiture provided for in section 2324, with an affidavit of service, must be recorded with the county recorder in a suit involving the validity of an attempted forfeiture of a co-owner's interest, the recording of a notice of forfeiture would be enjoined pendente lite, as it would constitute a "cloud on the title," which arises when extrinsic evidence would be necessary to defeat a suit in ejectment, founded upon the instrument constituting the alleged cloud.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. ⊛⟶38.

For other definitions, see Words and Phrases, First and Second Series, Cloud on Title.]

In Equity.    Suit by C. Thompson against Thomas W. Pack and others.    On application under an order to show cause for a temporary injunction.    Temporary injunction granted.

H. L. Clayberg, of San Francisco, Cal., and A. V. Andrews, of Los Angeles, Cal., for complainant.

Charles W. Slack, of San Francisco, Cal., for defendants.

⊛⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BLEDSOE, District Judge. This matter is before the court on an order to show cause why a temporary injunction, pendente lite, should not issue restraining the defendants from putting of record certain notices of forfeiture, with affidavits of service thereof; such notices being those provided for in section 2324, Revised Statutes of the United States, and section 1426o of the Civil Code of the state of California, with reference to the forfeiting of part interests of mining claims.

[1] The bill in equity as filed contains much matter that seems to be immaterial, much that is purely "epithetic," to use an expressive phrase, and a great deal averred upon information and belief, and not positively. With respect to this latter, the court feels that it should not, of course, consider it upon this order to show cause, because of the fact that under the law the complainant, to be entitled to positive relief at this juncture and in advance of a hearing, must base his request for such relief upon positive allegations.

[2] Laying out of consideration, however, the matters referred to above, it may be said that certain facts are stated with such positiveness and cogency as that they fall within the realm of indispute upon this hearing. Briefly summarized, they are: That the plaintiff, in the year 1910, in conjunction with the defendant Pack and certain other individuals mentioned, located and recorded 175 certain placer mining claims, situate in the county of San Bernardino, state of California; that plaintiff is now, and ever since the day of said location has been, the owner and holder of a one-eighth undivided interest in and to the said placer mining claims, and each of them; that during the month of September, in the year 1914, the defendant herein caused to be served upon plaintiff a certain notice of forfeiture, set out in the bill of complaint, and by which it was sought, pursuant to the sections of the Revised Statutes and Civil Code above referred to, to forfeit the title of plaintiff in and to each and all of the 175 described placer mining claims heretofore referred to; that said notice contained the appropriate statements that unless plaintiff, within 90 days after the service of the same upon him, paid to the defendants, or to the defendant Joseph K. Hutchinson for said defendants, the sum of $700, being one-eighth of the total amount of money claimed to have been expended by said defendant Pack upon said claims, as for assessment work, in the years 1911 and 1912, the interest of plaintiff in and to all of said claims would become forfeited to the said Joseph K. Hutchinson.

Plaintiff then alleges that the said Pack did not expend, or cause to be expended, of his own funds, during the years 1911 and 1912, or at any other time, the sum of $5,600, of which the said $700 was the one-eighth part, upon or for the benefit of said placer mining claims, or at all; that at least $2,836 was contributed by plaintiff and his colocators to the defendant Pack, for the purpose of doing the assessment work upon the claims mentioned for the years 1911 and 1912.

Plaintiff further alleges that whatever title or interest the said Hutchinson obtained or holds in and to the said claims was obtained and is held for the sole use and benefit of the Foreign Mines & Development Company and the American Trona Company and the California Trona

Company. It is also alleged that in the year 1912, while plaintiff and his colocators were engaged in the performance of the annual assessment work upon said claims, they were forcibly prevented from completing the said assessment work, and were forcibly ejected and driven from said claims, by the said Foreign Mines & Development Company, the American Trona Company, and the California Trona Company.

If these facts thus alleged be true, and at this time the court must assume them to be true, because no affidavit or answer in opposition to or in explanation of them has been presented by the defendants, then it would appear that the defendants have no right to claim or exact a forfeiture, as against the plaintiff, for his failure to contribute his share of the assessment work, and that the proceedings on the part of defendants leading up to the service of the notice of forfeiture, and in the recording thereof, are substantially a nullity, in so far as they seem to have effected a divestiture of plaintiff's undivided interest in and to the mining property in question. On such a state of facts I apprehend the court, after an accounting or other appropriate investigation, would make a decree determinative of the rights of the parties and the protection thereof. This decree, under the case as made by the facts to be taken as true, would, in its substantial aspects, be in favor of the plaintiff.

[3] The only question for determination, then, is whether or not the plaintiff should be protected in his rights, pending such final determination by the court, and whether or not the strong arm of the court should be employed at this time to enjoin the defendants from placing of record that which plaintiff claims would constitute a cloud upon his title, to wit, the notice of forfeiture, with the affidavit of service thereof. That it would constitute such a cloud is, I think, indisputably clear. It was held in Pixley v. Huggins, 15 Cal. 128, that the true test as to whether or not a certain instrument would cast a cloud upon the title of the plaintiff's property was this:

"Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed."

This decision has been cited frequently, and I apprehend states the law concisely. In this case it is apparent that the filing of the notice and affidavit of service would prima facie serve to divest plaintiff of his interest in the properties, and that it would require extrinsic evidence on his part to defeat a suit in ejectment, based upon the forfeiture apparently evidenced by the notice of labor done and his failure to contribute thereto.

For these reasons I am constrained to hold that plaintiff has presented a prima facie case, free from colorable doubt, and is therefore entitled to a temporary injunction pendente lite.

Plaintiff's counsel will draft an appropriate order.