[L. A. No. 4212.  Department Two.—May 8, 1918.]

CATHARINE N. ROBINSON et al., Respondents, v. GRANT A. BRIEST, Appellant.

MINES AND MINING—ASSESSMENT WORK—DELINQUENCY OF CO-OWNER—ACTION TO ENJOIN RECORDING OF NOTICE—BURDEN OF PROOF—NONSUIT.—In an action by one of the owners of mining claims to enjoin a co-owner from recording the notice of delinquency in contributing to the expense of assessment work and affidavit of service thereof required by section 2324 of the Revised Statutes of the United States, as provided by section 1426o of the Civil Code, where the plaintiff's

complaint alleges that she, and not the defendant alone, had done the assessment work, each contributing one-half the expense, but that the defendant, notwithstanding such fact, had caused her to be served with the notice of delinquency provided by section 2324 of the United States Revised Statutes and was threatening to file and record such notice in the office of the county recorder of the county where the claims were located, and thereby threatening to cloud her title, and where the defendant answered, alleging the doing of the work himself alone and denying contribution by the plaintiff, the burden of proof was on plaintiff to prove the facts alleged in the complaint, and in the absence of such proof it was error to deny a motion for a nonsuit.

ID.—JUDGMENT QUIETING PLAINTIFF'S TITLE — JUDGMENT NOT WITHIN THE ISSUES.—A judgment quieting the plaintiff's title in such action, where such judgment was not within the issues joined by the complaint and answer and no such relief was asked in the complaint, was erroneous.

ID.—CROSS-COMPLAINT—BURDEN OF PROOF ON DEFENDANT.—Where the defendant in such action filed a cross-complaint alleging the delinquency of the plaintiff as a co-owner, and the service of notice of delinquency under section 2324 of the Revised Statutes of the United States, and sought to quiet his title against the plaintiff, it devolved upon him to establish that he and plaintiff were co-owners of the property, that he had done the assessment work, that the plaintiff had not contributed her share of the expense, that he had served on her the notice provided in said section 2324, and that she had failed to contribute her proportion of the expense within ninety days from such service.

ID.—PRIMA FACIE EVIDENCE UNDER SECTION 1426o OF THE CIVIL CODE— TIME OF RECORDING NOTICE.—The recording of the notice and affidavit of service provided in section 1426o of the Civil Code does not constitute *prima facie* evidence of the failure of a co-owner to contribute his proportion of the cost of assessment work, unless the documents to be recorded are filed for record within ninety days from the service. Filing thereof after the expiration of ninety days is a futile act.

APPEAL from a judgment of the Superior Court of Riverside County. John M. York, Judge.

The facts are stated in the opinion of the court.

Ben Goodrich, Olin Wellborn, Jr., Stephen Monteleone, and Alfred H. McAdoo, for Appellant.

McFarland & Irving, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—This action grew out of the following facts: Plaintiff, Catharine N. Robinson (wife of James M. Robinson), and defendant were co-owners of two certain groups of mining claims, upon one of which defendant asserted that he, at his own expense, had done the assessment work required by section 2324 of the Revised Statutes of the United States [5 Fed. Stats. Ann., p. 19, U. S. Comp. Stats. (1916 ed.), sec. 4620] for the years 1910 to 1912, both inclusive; and that upon the other group he had done said assessment work for the years 1908 and 1912, both inclusive.

On November 5, 1913, he caused to be served upon plaintiff, as such co-owner, the notice provided by said section, wherein it was stated that if the co-owner neglected to pay and contribute her share of the expenditure so claimed to have been made by defendant within ninety days from the date of service, her interest in said mining property would become that of defendant.

The complaint, filed February 3, 1914, after stating the fact of service of said notices, alleged that plaintiff and defendant jointly, and not defendant alone, had done the assessment work, each contributing one-half the cost and expense thereof; that notwithstanding such fact defendant threatened to and would, unless restrained from so doing, file the notices so served, and an affidavit of service thereof, with the recorder of Riverside County, in which said mining claims were located, as provided in section 1426o of the Civil Code, thus depriving plaintiff of the record title to a one-half interest therein, all to her irreparable damage, and prayed that it be adjudged that no sum whatsoever was unpaid by plaintiff on account of work and labor done in performing the annual assessment work on said mining claims, and asked that defendant be enjoined from filing the notices and affidavits of service thereof in the recorder's office of Riverside County. No injunctive order, however, was at any time issued.

By his answer, filed March 3, 1914, defendant, admitting that plaintiff was a co-owner of said property up to the expiration of ninety days after service of the notices, denied that she had, as alleged, contributed anything toward said assessment work for the years specified in the notices, and alleged the doing of the work by himself alone, as stated in the notices so served upon plaintiff, which notices, given pursuant to section 2324 of the United States Revised Statutes, together with

affidavits of service thereof, were, on February 9, 1914, filed for record in the recorder's office of Riverside County.

The sole purpose of the action, as stated in the complaint, was to obtain an injunction restraining defendant from filing for record the notices and affidavits of service, as provided in section 1426o of the Civil Code, which is as follows: "Whenever a co-owner . . . of a mining claim shall give to a delinquent co-owner . . . the notice in writing . . . provided for in section two thousand three hundred and twenty-four, Revised Statutes of the United States, an affidavit of the person giving such notice, stating the time, place, manner or service, and by whom and upon whom such service was made, shall be attached to a true copy of such notice, and such notice and affidavit must be recorded in the office of the county recorder, in books kept for that purpose, in the county in which the claim is situated, within ninety days, after the giving of such notice. . . . The original of such notice and affidavit, or a duly certified copy of the record thereof, shall.be *prima facie* evidence that the delinquent mentioned in section two thousand three hundred and twenty-four has failed or refused to contribute his proportion of the expenditure required by that section." The theory of the plaintiff, as alleged in the complaint, was that the filing of the notices, with affidavits of service thereof, would, under this provision of the statute, vest in defendant record title to the interest in the property theretofore owned by her, to which, however, if plaintiff had, as she alleged, contributed her share in doing the assessment work, he would not be entitled, and therefore should be restrained from doing an act which would cloud her title. (*Thompson* v. *Pack,* 219 Fed. 624.) As heretofore stated, however, the notices and affidavits, in the absence of any injunctive order, were filed on February 9, 1914.

At the trial of the issues so joined by complaint and answer plaintiff declined to offer any evidence in support of the allegations contained in the complaint, and having rested, the defendant moved for a nonsuit, which motion was denied. This ruling, in our opinion, was clearly erroneous. The act which it was sought to enjoin having been performed, no purpose could be served by the making of an order enjoining its performance. On the other hand, assuming, as the trial court apparently did, that the complaint was sufficient in stating a cause of action to quiet title as against the defendant's claim

based upon the admitted service of the notices as provided by section 2324 of the United States Revised Statutes, by reason of which, if the facts therein stated were true and plaintiff neglected within ninety days after such service to contribute her share, her interest in the mines would become the property of defendant, it devolved upon her to affirmatively prove that, as alleged, she had contributed her share toward doing the assessment work. From the effect declared by section 2324 to follow from the service of the notices, plaintiff, as such co-owner, if not delinquent, might safely rest until defendant by affirmative action invoked a judicial determination of the question, in which case the burden of proof would rest upon him to establish the facts upon which he based his claim to her interest in the property. (*O'Hanlon* v. *Ruby Gulch Min. Co.*, 48 Mont. 65, [135 Pac. 913].) Having, however, sought affirmative relief upon the theory that the acts of defendant clouded her title, the burden was upon her as plaintiff to prove the facts alleged and upon which she based her claim to recover judgment quieting her title. In *Pixley* v. *Huggins*, 15 Cal. 128, in discussing the test as to whether or not a certain instrument would cast a cloud upon the title of the plaintiff's property, it was said: ''Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed.'' The statute, section 1426o of the Civil Code, provides that the filing of the documents shall be within ninety days after the service of notice, which service was had on November 5th. As appears from the pleadings, they were not filed until after the expiration of ninety days; hence, by such act of filing, defendant obtained none of the rights or advantages which he might have secured by a compliance with the provision of section 1426o. Therefore, there was no *cloud of record* upon her title. Construing the complaint as stating a cause of action based upon the allegation that plaintiff had paid her full share for work done upon the mines, it devolved upon her, since such allegation was denied, to prove such fact. This she did not do, and in the absence of such proof it follows that the court erred in denying defendant's motion for nonsuit.

CLXXVIII Cal.—16

With his answer defendant filed a cross-complaint alleging that he had performed the required assessment labor upon the property for the years designated in said notices which were served on November 5, 1913, and that on February 9, 1914, he filed with the recorder of Riverside County, wherein the mining property was located, the original of said notices, together with affidavits of service thereof, and asked that his title to the entire property be quieted as against plaintiff. To this cross-complaint plaintiff filed an answer denying the allegation that defendant had contributed other than one-half the entire expense of doing said work. After the denial of defendant's motion for nonsuit, the trial of the issues so joined by cross-complaint and answer proceeded, defendant offering in evidence the notices and affidavits of service filed with the recorder of Riverside County on February 9, 1914, upon the theory that, under the provisions of section 1426*o* of the Civil Code, they constituted *prima facie* evidence that plaintiff had failed or refused to contribute her proportion of the expenditure upon said mines required by section 2324 of the Revised Statutes of the United States, to which section 1426*o* is supplementary. But the provision contained in section 1426*o* requires that the documents shall be filed *within ninety days* after the making of such service; otherwise the filing is a futile act. It appears from his pleading that they were not filed until five or six days after the expiration of such time, and hence did not constitute *prima facie* evidence under the provisions of the rule specified in the section. Conceding that defendant was, under the allegations of his cross-complaint, entitled to a decree of forfeiture, nevertheless, since the documents were not filed within ninety days from service, he was in no position to invoke the rule of evidence declared in section 1426*o* of the Civil Code. It devolved upon him, in accordance with the ordinary rules of evidence, to establish the facts which entitled him to the forfeiture provided for by section 2324 of the Revised Statutes of the United States, namely, that he and plaintiff were co-owners of the property; that he had done the annual assessment work as claimed; that plaintiff had not contributed her share of the expense of doing the same; that he had served upon her the notice provided for in said section, and that she failed or refused to contribute her proportion of such expenditure within ninety days from the service of such notice.

The judgment rendered in favor of plaintiff quieting her title was not within the issues joined by the complaint and answer and no such relief was asked. Moreover, conceding such issue to have been joined, no evidence was offered by her in support of the allegations of her complaint.

The judgment is reversed.

Melvin, J., and Wilbur, J., concurred.

Hearing in Bank denied.